# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID OPPENHEIMER,        ) | |
|        Plaintiff,        ) | |
| v.        ) | Case No. 1:21-cv-00381-CG-MU |
| CHARLES TIMOTHY CAMP, KENNETH )<br>S. JOHNSON, DOT COM PLUS, LLC ) <br>d/b/a 92WZEW        ) | |
|        Defendants.        ) | |

## FIRST AMENDED ANSWER

Defendants Charles Timothy Camp ("Camp"), Kenneth S. Johnson ("Johnson"), and Dot Com Plus, LLC d/b/a 92WZEW ("92WZEW") (collectively, "Defendants") file this First Amended Answer to the Complaint of David Oppenheimer ("Plaintiff") and respond to the numbered allegations of the Complaint as follows:

## JURISDICTION/VENUE

1. Paragraph 1 of the Complaint contains a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 of the Complaint contains a statement of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction and that venue is proper.

## THE PARTIES

3. Defendants are without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

4. Camp admits that he is a resident of Alabama.

5. Johnson admits that he is a resident of Alabama.

6. 92WZEW admits that it is an Alabama limited liability company.

## INTRODUCTORY FACTS

7. Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

8. Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

9. Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

10. Defendants are without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

9. Defendants are without sufficient information to admit or deny the allegations of Paragraph 9[1] of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5). Defendants specifically deny that they were "on notice that the Work was copyright protected" or that they "infringed his copyrights by copying, uploading, distributing, and/or publishing."

11. Defendants deny the allegations of Paragraph 11 and demand strict proof thereof.

12. Defendants admit that they received a "Cease and Desist" letter dated September 16, 2019. Defendants deny the remaining allegations of Paragraph 12.

## CAUSES OF ACTION
### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

13. Defendants adopt their responses to all allegations previously set forth herein as if restated in their entirety here.

14. Defendants deny the allegations of Paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of Paragraph 15 and demand strict proof thereof.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

16. Defendants adopt their responses to all allegations previously set forth herein as if restated in their entirety here.

---

[1] Plaintiff's Complaint contains mistakes in the numbering of paragraphs. Defendants have responded to the numbered paragraphs exactly as they appear in the Complaint.

17. Defendants deny the allegations of Paragraph 17 and demand strict proof thereof.

18. Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

19. Defendants deny the allegations of Paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations of Paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations of Paragraph 21 and demand strict proof thereof. Specifically, Defendants deny that Plaintiff is entitled to damages of any nature.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22. Defendants adopt their responses to all allegations previously set forth herein as if restated in their entirety here.

23. Camp and Johnson admit that they are the principals of 92WZEW. Defendants deny the remaining allegations of Paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations of Paragraph 24 and demand strict proof thereof.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

25. Defendants adopt their responses to all allegations previously set forth herein as if restated in their entirety here.

26. Defendants deny the allegations of Paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations of Paragraph 27 and demand strict proof thereof.

28. Defendants deny the allegations of Paragraph 28 and demand strict proof thereof.

**COUNT V – VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

29. Defendants adopt their responses to all allegations previously set forth herein as if restated in their entirety here.

30. Defendants are without sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint, and, for that reason, Defendants deny them as provided by Federal Rule of Civil Procedure 8(b)(5).

31. Defendants deny the allegations of Paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations of Paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations of Paragraph 33 and demand strict proof thereof.

34. Paragraph 34 of the Complaint contains a statement of law to which no response is required. To the extent a response is required, Defendants deny the

allegations and demand strict proof thereof. Specifically, Defendants deny that Plaintiff is entitled to damages of any nature.

35. Paragraph 35 of the Complaint contains a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof. Specifically, Defendants deny that Plaintiff is entitled to damages of any nature.

## CAUSATION/DAMAGES

36. Defendants deny the allegations of Paragraph 36 and demand strict proof thereof. Specifically, Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

## RELIEF REQUESTED

37. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

38. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

39. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

40. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

41. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

42. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

43. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

44. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

45. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

46. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

47. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

48. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

49. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

50. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

51. Defendants deny that Plaintiff is entitled to damages of any nature, and Defendants ask this Court to enter judgment in their favor and award Defendants the costs associated with defending this lawsuit.

## DEFENSES

### Preliminary Statement

Plaintiff's Complaint is vague and conclusory in nature. As such, it does not contain essential detailed factual allegations. When the material facts are determined through the discovery process, it may well be that the claims asserted are barred by defenses that Defendants cannot anticipate at this stage of the proceedings. Furthermore, Defendants recognize the possibility that discovery may reveal some of the defenses asserted herein

may not apply. Therefore, Defendants reserve the right to assert additional defenses or revise their defenses upon further investigation of Plaintiff's claims, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

So as to not waive any defense, Defendants state that Plaintiff's claims may be barred by the applicable statute of limitations, statutes of repose, res judicata, collateral estoppel, laches, waiver, unclean hands, or estoppel.

## THIRD DEFENSE

Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

## FOURTH DEFENSE

Defendants' alleged conduct was innocent, non-infringing, and not a willful infringement of copyright.

## FIFTH DEFENSE

Plaintiff's claims are barred by contract, acquiescence, or waiver, in that he consented and agreed to allow limited use of his photographs.

## SIXTH DEFENSE

Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507.

## SEVENTH DEFENSE

Plaintiff may have failed to register the copyright set forth in his Complaint and thus is not permitted to file this suit or maintain this action.

## EIGHTH DEFENSE

Plaintiff may have engaged in one or more acts that have misused his copyright including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendants reserve the right to assert one or more antitrust related claims.

## NINTH DEFENSE

Plaintiff's claims are barred due to his deceptive and misleading advertising in connection with the distribution of all alleged copyrighted works.

## TENTH DEFENSE

Plaintiff has waived his right to claim copyright infringement.

## ELEVENTH DEFENSE

Plaintiff has abandoned or forfeited his copyright.

## TWELFTH DEFENSE

Plaintiff has acquiesced in any alleged copyright infringement.

## THIRTEENTH DEFENSE

This action may be barred by the "first sale doctrine" because Defendants lawfully obtained and possessed one or more of Plaintiff's copyrighted works. 17 U.S.C. §109(a).

## FOURTEENTH DEFENSE

Plaintiff's claims are barred since critical parts or portions of his alleged protected copyrights are invalid and unprotectable.

## FIFTEENTH DEFENSE

Plaintiff is barred by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before the first registration of the Plaintiff's alleged work.

## SIXTEENTH DEFENSE

Defendants plead as a set off any monies received by Plaintiff for damages suffered in this case, including, but not limited to, any insurance proceeds or settlement proceeds paid by any other defendant or non-party.

## SEVENTEENTH DEFENSE

If it is established that any Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, Defendants are entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## EIGHTEENTH DEFENSE

If Defendants are liable, which is denied, any liability for damages shall be assessed based upon percentage of fault, with Defendants having a right of contribution against any other party.

## NINETEENTH DEFENSE

Defendants contend that all of Plaintiff's damages were caused by the acts or omissions of others for whom Defendants owe no legal responsibility.

## TWENTIETH DEFENSE

Plaintiff may have failed to join necessary or indispensable parties.

## TWENTY-FIRST DEFENSE

So as to not waive the defense, Defendants state that Plaintiff's claims may be barred, reduced, and/or otherwise limited by the doctrine of spoliation.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to mitigate his damages.

## TWENTY-THIRD DEFENSE

The Alabama law of joint and several liability is unconstitutional both on its face and as applied to the Defendants in this case.

## TWENTY-FOURTH DEFENSE

Plaintiff lacks standing to bring this suit against Defendants.

## TWENTY-FIFTH DEFENSE

Defendants assert that Plaintiff's alleged "copyright management information" may not fall under the type of "copyright management information" protected by the Digital Millennium Copyright Act.

## TWENTY-SIXTH DEFENSE

So as to not waive any defense, Defendants state that Plaintiff's claims may be barred by the defenses of implied license, abandonment, common source, or independent creation.

## TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses or revise their defenses upon further investigation of Plaintiff's claims, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## DEMAND FOR JURY TRIAL

Defendants demand a jury to try all issues so triable.

                                                          /s/ M. Wesley Smithart  
                                                      One of the Attorneys for Defendants

OF COUNSEL:  
John G. Thompson  
*jthompson@lightfootlaw.com*  
M. Wesley Smithart  
*wsmithart@lightfootlaw.com*  
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.  
The Clark Building  
400 20th Street North  
Birmingham, Alabama 35203  
(205) 581-0700

## **CERTIFICATE OF SERVICE**

      I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on December 21, 2021, which will send electronic notification of such filing to the parties. If CM/ECF indicates that Notice needs to be delivered by other means to any of the parties, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

    Michael P. Hanle
    JAFFE, HANLE, WHISONANT & KNIGHT, P.C.
    2320 Arlington Avenue South
    Birmingham, AL 35205
    *mhanle@rjaffelaw.com*
    (205) 930-9717

    Dana A. LeJune
    LEJUNE LAW FIRM
    1225 North Loop West, Ste 825
    Houston, TX 77008
    *dlejune@triallawyers.net*
    (713) 942-9898

                                                  */s/ M. Wesley Smithart*
                                                  OF COUNSEL